UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIKTORYIA POLANCO, | |
| Plaintiff, | 23 Civ. 01525 (JHR) |
| -v.- | ORDER |
| BIOSKIN LASER LLC et al., | |
| Defendants. | |

JENNIFER H. REARDEN, District Judge:

Before the Court is Plaintiff Viktoryia Polanco's motion for a default judgment, ECF No.
19. For the reasons stated herein, Plaintiff's motion is denied.

## I.    BACKGROUND

Plaintiff filed this action on February 23, 2023 against Defendants Bioskin Laser LLC,
Bioskin Laser II LLC, and Santa Vaynshenker for violations of the Fair Labor Standards Act, 29
U.S.C. §§ 201 *et seq.* (the "FLSA"), and the New York Labor Law (the "NYLL"). ECF No. 1.
Plaintiff filed proof of service on March 6, 2023. ECF No. 7. Plaintiff filed a supplementary
affidavit of service upon the New York Secretary of State as agent for Bioskin Laser LLC and
Bioskin Laser II LLC on March 10, 2023. ECF No. 8. Defendants did not appear or otherwise
respond to the Complaint. Plaintiff obtained certificates of default as to each Defendant on April
5, 2023, *see* ECF Nos. 15-17, which were served on Defendants on April 23, 2023, ECF No. 18.
Plaintiff moved for a default judgment on September 18, 2023. ECF No. 19.

On February 28, 2024, the Court ordered that, "[i]f Defendants wish to oppose the
motion, then their counsel shall, (1) by March 6, 2024, file a notice of appearance, and (2) by
March 13, 2024, file an opposition explaining why a default judgment is not warranted." ECF
No. 24. Plaintiff served that Order by mail on February 28, 2024. ECF No. 25. Counsel for
Defendants appeared on March 4, 2024, ECF No. 26, and timely filed opposition papers, ECF

Nos. 29, 30.  Counsel for Defendants stated that "Ms. Vayneshenker [had] emailed [him] a copy of the summons and complaint when they [were] originally served but unfortunately it seem[ed] that [the summons and complaint were] placed in [his] spam folder, and Counsel "was not aware that [he had] received the summons and complaint and . . . would never intentionally ignore such an item or fail to respond."  ECF No. 30 ¶¶ 2-3.

## II.    DISCUSSION

"Federal Rule of Civil Procedure 55(c) provides that a party may be relieved from a clerk's entry of a default on a more relaxed standard than it may be relieved from a final default judgment."  *Ruradan Corp. v. City of New York*, No. 22 Civ. 3074 (LJL), 2023 WL 2632185, at *3 (S.D.N.Y. Mar. 24, 2023).  The defaulting party need only show "good cause."  Fed. R. Civ. P. 55(c).  In the Second Circuit, in determining whether good cause has been shown, a district court should weigh three "widely accepted factors": "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented."  *Ruradan Corp.*, 2023 WL 2632185, at *3 (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)).

The Second Circuit has "emphasized that 'dismissal is a harsh remedy to be utilized only in extreme situations.'"  *JDH Unlimited Inc. v. Koehler*, No. 22-1721 Civ., 2023 WL 6289951, at *2 (2d Cir. Sept. 27, 2023) (quoting *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995)).  Accordingly, the Circuit has repeatedly "expressed a strong preference for resolving disputes on the merits," as opposed to by default.  *Id.* (citing *New York v. Green,* 420 F.3d 99, 104 (2d Cir. 2005)); *Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (similar).

"[T]he relevant inquiry for determining willfulness is the defaulting party's actions after it became aware of the existence of the litigation or entry of default."  *Baez v. RCO Restoration Corp.*, No. 20 Civ. 1066 (VSB), 2023 WL 5333962, at *2 (S.D.N.Y. Aug. 18, 2023) (citing *In re*

*FKF 3, LLC*, 501 B.R. 491, 502 (S.D.N.Y. 2013)).  "Thus, even where notice was adequate and the defaulting party failed to rebut the presumption of receipt, if the party responded promptly after learning of the action, courts have found that the party's default was not willful."  *Id.*; *see also Swarna v. Al-Awadi*, 622 F.3d 123, 142-143 (2d Cir. 2010) (concluding default was not willful where defendants retained counsel one day after receiving motion for default judgment and counsel sought a one-week extension of time to respond).  Here, Defendants appeared within days of receiving notice of the pending motion for a default judgment, *see* ECF Nos. 26-27, and filed*, inter alia*, an affidavit from Defendant Vayneshenker contesting the merits of the Complaint, ECF No. 29.  The affidavit attaches several documents, including copies of Plaintiff's handwritten timesheets and pay records, as well as screenshots of communications between Plaintiff and Vayneshenker regarding Plaintiff's employment status.  *See* ECF No. 29-1. In light of the foregoing, Defendants' default was not "willful."  *See Ruradan Corp.*, 2023 WL 2632185, at *5 (viewing the "promptness" of defendant's response to entry of default as "evidence that the default was not willful").

Nor has Plaintiff been prejudiced by Defendants' delay.  "It is well established that 'delay alone is not a sufficient basis for establishing prejudice.'"  *See Manz v. Restaurant Los Tacos No. 1*, No. 24 Civ. 7457 (DEH), 2025 WL 1541057, at *2 (S.D.N.Y. May 30, 2025) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)).  Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  *Id.*  Plaintiff neither replied in further support of her motion nor otherwise responded to Defendants' opposition.  In short, Plaintiff has not made the requisite showing.

As for "whether a meritorious defense [has been] presented," *Ruradan Corp.*, 2023 WL 2632185, at *3, a movant need only "present evidence of facts that, if proven at trial, would constitute a complete defense."  *Baez*, 2023 WL 5333962 at *5 (cleaned up).  In FLSA and

NYLL actions, "[a] defense that the Plaintiff was properly paid, supported by time and pay records, is a meritorious defense." *Id.* Here, Defendant Vayneshenker asserts that, "[a]s reflected in [Plaintiff's] timesheets, there was never an occasion in which she worked more than 20 to 30 hours in a single week" and, in addition, that "[t]here was never an occasion when [Plaintiff] presented [Vayneshenker] with hours and requested payment that [Vayneshenker] did not provide payment." ECF No. 29 at 7, 11. As previously noted, Vayneshenker attached Plaintiff's handwritten timesheets and pay records to her affidavit. ECF No. 29-1. "The affidavit[] and supporting evidence raise issues that would refute Plaintiff's claims," and, thus, "meet th[e] low threshold" to show a meritorious defense. *Baez*, 2023 WL 5333962 at *5.

"Even if Defendants [did not present] a meritorious defense on any of Plaintiff's claims, the other factors ultimately weigh in favor of setting aside the default." *Cabrera v. Freedom Mortgage Corp.*, No. 23 Civ. 10556 (JLR), 2024 WL 1805558, at *3 (S.D.N.Y. Apr. 25, 2024); *see Manz*, 2025 WL 1541057 at *3 ("Because there is no finding of willfulness or prejudice to the Plaintiff, the Court need not decide whether Defendant presents any meritorious defenses."); *see supra* at 3. Accordingly, the Court finds good cause to set aside the Clerk's entry of default against Defendants.

### III.    CONCLUSION

For the reasons set forth above, Plaintiff's motion for a default judgment, ECF No. 19, is denied.  The Clerk's certificates of default, ECF Nos. 15, 16, and 17, are vacated.  By **October 10, 2025**, the parties shall file a joint letter updating the Court on the status of this matter and proposing next steps.

SO ORDERED.

Dated:  September 30, 2025
        New York, New York

_____
JENNIFER H. REARDEN
United States District Judge